We will hear the first case, Dunbar v. Heinemiller and then proceed to Kynes v. Bernstein. Each side will have two minutes of uninterrupted argument and then questioning may begin. Thank you. Mr. Dunbar. Yes, ma'am. Yes, sir. Please proceed. Yes, Your Honor. Please proceed. My name is Timalyn Dunbar. May it please the court, my name is Timalyn Dunbar. I'm a pro se litigant. I represent myself for case docket 18, CV 1072. I am here in reference of the cases Frank v. Delaware, Strickland v. Washington, Matt v. Ohio, and Brady v. Maryland, and also police perjury. I was arrested on March 22nd. There were false affidavits made in my name in the month of January. My right-to-do process was violated in January, which made my case biased when I walked into the courthouse that I was appearing on April 4th. A known false affidavit was wrote on me by the State of Connecticut Narcotics Task Force. When I say knowingly, they knew that the crime would never be able to be proved. Arbitrary detention and arbitrary arrests were made. The interrogation didn't consist of what the police report, so I was unknown to what I was arrested for, and I was placed on a $25,000 bond. I posted bond and I was provided a court appearance for April 2nd, 2016. On April 2nd, I was provided the continuance based on the fact that I didn't have an attorney. The courts advised me to get an attorney, which they gave me a continuance in less than two days. No time to get to know my lawyer, to consult with my lawyer. Well, when I got to my lawyer, I noticed Strickland v. Washington became a problem. Ineffective of counsel. She did not let me know that there was a false or another false affidavit also made in my name with her name mentioned as the person as a representative attorney. So I never had the right to a fair trial. I never had the right to a fair trial. I didn't have a right to. I didn't have the right to adequate of counsel. So there was no way I would win a case if all false affidavits are the reason of the case. There's a police perjury testimony provided by Detective Mark Heimler on 02-22-2017 and on 02-24-2017, which all detectives that was involved in this case had eluded the case before he provided this testimony. So therefore he knew what he was about to testify was about was going to be a lie. Fabricated evidence, untainted evidence, and that is statute 53A-156, police perjury, 53A-157, false statement. Can I ask you, sir, on or about March 19th of 2019? March 22nd, sir. Oh, well, the Connecticut Appellate Court affirmed the judgment of the state trial court provoking your probation. And my question is have you appealed that decision to the Connecticut Supreme Court? Yes, I did. And that, yes, I did. And that is what they're supposed to answer to today. I asked for the right to a fair trial, another trial, or for them to dismiss the case because I wasn't applied adequate of an attorney in conflict of interest. Day of meeting, my attorney, and she never told me that she had a false affidavit that said she represented me for a probation revocation case, which the criminal case that I was tried for was put to sleep. So the state pursued my probation sneakily under a false pretense. And they had to capture a male named Omari Scott. Knowing they didn't, they were going to pursue my probation. My probation officer hadn't he was alerted the next day of the case. I couldn't tell him nothing about the case. And when he read the case, he said he's the officer of the law. And he, the case looked shady. So he didn't want to violate. So he told me to report it to my public defender, which I did. I told her that my lawyer did not want to bite me. She could get this case dismissed because it was a false report. Everything in the report is false. I never committed a larceny. I did not assault a confidential informant. The confidential informant, these charges are dismissed after 18 months after being asleep for 18 months. The confidential informant, yes. Ms. Dunbar, I'm sorry, this is Judge Sullivan. Can I ask you a question in the little time we have? This, obviously, you brought, there were state proceedings and federal proceedings. Yes. And we're now, you're now in the federal appellate court. What are you saying that the federal court, the federal district court did that was wrong, that we should- The federal district court, the appellate lawyer that my first appeal was filed, he filed my appeal without my consent. So I lost my appeal. Judge Myers allowed me to fight the probation case. And that is what I was supposed to be here for, to find out what happened because no one told me whether or not they acquitted the probation trial. I was convicted for that. That's not justice. It's way too far. Systemic racism, judicial misconduct, and police misconduct is my case. Sir. Okay. I think, well, Judge Katzman is at the end of the time. That, you'll have, Mr. Dunbar, you'll have one minute for rebuttal. So we'll hear from your back. Okay? Thank you. Ms. Wong. Good morning, Your Honors. May it please the court. I'm Assistant Attorney General Samantha Wong, and I represent the defendant appellees in this matter. This court should affirm the district court's dismissal of the plaintiff's action on the basis that HEC 3 bars the entire action. When you look at the complaint and prayer for relief before this court, the plaintiff is seeking to reverse the decision of the Connecticut Appellate Court, which found her violation of probation conviction lawful and valid. She is attempting under the guise of a 1983 action to file another direct appeal of her violation of probation, guilty signing, and sentence. This is improper, and the district court's dismissal should be affirmed. The plaintiff's action is barred by HEC 3 Humphrey as she has not demonstrated or even raised why she should not be exempt from the HEC favorable termination rule. The district court correctly held that her 1983 suit was not cognizable because her conviction and sentence had not been invalidated. In fact, they had been affirmed by the Connecticut Appellate Court, and as Miss Dunbar's indicated, she did appeal to the Connecticut Supreme Court on May 18th of 2019. The Connecticut Supreme Court did deny her certification. Your honors, unless you have any questions at this time, the I just have one one question. How would you respond to this that, at least in some sense, the amended complaint could be liberally construed to assert state law claims? For example, the claim for malicious prosecution and defamation. Are malicious prosecution state law claims she still would be held to a favorable termination element? And in this case, not only has her sentence and violation of probation conviction not been invalidated, they've been affirmed by the Connecticut Appellate Court. Thank you. Any further questions? No, thank you. No, thanks. Thank you. We'll now hear one minute in rebuttal from Timalyn Dunbar. Your honor, the claim of my claim is about false affidavits. My appellate lawyer that filed my appeal, he filed the appeal without my consent, so therefore he could not confirm any of the information that was in the documents that he had, which are all false affidavits, false reports, fabricated evidence. There was no way for me to, as a there was no way for the public defender to represent this case because she is the document that had my probation document violated. I had no charges before this case came about, before this crime came about. I was not in violation of probation. I was not, I didn't have a larceny charge. I did not have a sales and narcotics charge. The narcotics case is not even about a surveillance conducted on me. This is about officers, corruption, police corruption, to where they painted and fabricated other other surveillance and added my name in the list to have me arrested. There is no grounds of an arrest, probable cause, there's no probable cause. The cops didn't have, the officers, the narcotics officers didn't have probable cause or sufficient evidence in violation of my Sixth Amendment. The court case, the document, the false affidavit 0112, is sitting next to my 2011 conviction, which was never spoke on, none during the court proceedings. Fifteen months, an attorney, Kelly Billings, represented me, knowing she would be the reason of my conviction. The conviction, the arrest stated of the narcotics case, but they did not never try the case. They put that case to sleep and dismissed it, and later I find out that a false affidavit 0112, 2016, is the reason of my probation violation, which is invalid. It's a false affidavit. Thank you, sir. Thank you, ma'am. I'm sorry. Dunbar, thank you very much for your argument. The court will reserve a decision. We will hear the next...